■ In the Matter of the Claim of Rosemarie Goldberg, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Hamm, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying the claimant from benefits on the ground that she had voluntarily left her employment without good cause by provoking her discharge (Labor Law, § 593). The claimant was directed to perform certain work in addition to her ordinary duties and refused to accept the assignment because she considered it too burdensome. She was warned that refusal to perform the assigned duties would result in her dismissal and, after persisting in her refusal, was dismissed. The board said that "The assignment * * * would not involve a large volume of work as demonstrated by the actual experience of the employer" and found as a fact that the claimant's refusal to perform the work assignment given to her brought about her dismissal and that under such circumstances this constituted a voluntary leaving of the employment without good cause. As factual issues were presented, and, as the board's findings were supported by substantial evidence, we are without authority to disturb the determination (Labor Law, § 623; *Matter of Karman* [*Lubin*], 2 A D 2d 626). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

■ In the Matter of the Claim of Louis V. Mazzuka, Respondent. Western Electric Company, Incorporated, Appellant; Martin P. Catherwood, as Industrial Commissioner, Respondent.— *Per Curiam*. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board that claimant did not voluntarily leave his employment without good cause, as against the contention that he provoked his discharge by declining, after a surgical operation, to report to his place of employment for a medical examination there, rather than at his home, to determine whether he was able to return to work. The question of good cause is a factual one and well within the area of decision committed to the board. In this case the board found, upon evidence which it was entitled to accept, and which we find substantial, that: "In view of the advice given to claimant by his physician that he could not return to work before July, and the fact that claimant had suffered from a rupture of the surgical sutures some weeks before, his reluctance to travel prematurely whether for a physical examination or resumption of work was not unreasonable. Claimant offered to be examined by the employer's physician or by a physician authorized by the employer at his own home, but the employer insisted that claimant travel to the place of employment to be examined there. Claimant reasonably exercised his judgment in not traveling to his place of employment to be examined by the employer's physician before July 6. When, thereafter he was told that he was fit to resume working, claimant offered to do so the very next day." Decision affirmed, with costs to respondent claimant. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.